# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, ex rel. GLEN )
MULREADY, Insurance Commissioner, )
)
      Plaintiff, )
)
v. )   Case No. CIV-24-00762-PRW
)
UNIVERSAL CASUALTY RISK )
RETENTION GROUP, INC., a licensed )
risk retention group in the State of )
Oklahoma, )
)
      Defendants. )

## ORDER

Before the Court are the Motion to Remand (Dkt. 14) filed by Plaintiff State of Oklahoma, ex rel. Glen Mulready, Insurance Commissioner (the "Commissioner"); the Response (Dkt. 20) filed by Defendant Universal Casualty Risk Retention Group, Inc. ("UCRRG"); and the Commissioner's Reply (Dkt. 22). Having considered the pleadings and applicable legal authorities, the Court **GRANTS** the Motion to Remand (Dkt. 14).

### *Background*

UCRRG is a "federally[-]chartered risk retention group" that is "domiciled in Oklahoma and duly licensed as a Risk Retention Group in the states of New York, New Jersey, Georgia, California, Texas, and Florida." (Dkt. 1 at 4). This action precipitated out of an underlying dispute between the parties that came to a head on October 26, 2023, when the Commissioner issued an Emergency Order of Supervision (the "Emergency Order"), alleging that UCRRG's risk-based capital ratio was too low, putting it in a financially

hazardous condition. (Dkt. 1-1 ¶ 13). This caused UCRRG be placed under the immediate supervision of the Oklahoma Insurance Department (the "Department") (*id.*) as well as the Oklahoma Receivership Office, Inc. (the "Receivership Office"). On March 26, 2024, the Commissioner issued another order (the "Suspending Order," collectively with the Emergency Order, the "Administrative Orders") suspending UCRRG's certificate of authority to write business in Oklahoma, based on UCRRG's alleged failure to file certain required statements and its allegedly hazardous financial condition. (*Id.* ¶ 14).

On May 23, 2024, UCRRG sued the Commissioner in the Eastern District of New York, arguing that he lacked authority to issue the Administrative Orders under the Liability Risk Retention Act[1] ("LRRA"). (Dkt. 1-1). On July 15, United States District Judge Orelia E. Merchant transferred the case to this Court (Dkt. 1-2), and it is currently pending before the undersigned in *Inter Insurance Agency Services Ltd., et al., v. Insurance Department of the State of Oklahoma, et al.*, Case No. 24-CIV-00718-PRW (the "First-Filed Action").

On June 28, 2024, the Commissioner commenced this action in the district court of Oklahoma County by filing an Application for Order Placing [UCRRG] Into Receivership, Appointing Receiver, and Issuing Injunction (the "Application"), which seeks to place UCRRG in receivership on the basis that UCRRG is financially impaired or operating in a hazardous financial condition. (Dkt. 1-3). On July 26, 2024, UCRRG removed the case to this Court, asserting that (1) the Commissioner's claims present federal questions; or (2)

---

[1] *See* 15 U.S.C. §§ 3901–06.

the Commissioner's state law claims "necessarily raise a significant federal issue, actually disputed and substantial, such that the case warrants federal question jurisdiction." (Dkt. 1 ¶ 15). The Commissioner now moves to remand the case to Oklahoma County, arguing that the Court lacks jurisdiction (Dkt. 14).

### *Legal Standard*

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by [the] Constitution and statute."[2] Courts presume that a cause lies outside of their limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary.[3] Among the powers that Congress has bestowed upon the courts is the power to hear controversies "arising" under federal law (federal-question jurisdiction) and controversies arising between citizens of different states (diversity jurisdiction).[4]

UCRRG argues that the Court enjoys federal-question jurisdiction. Two circumstances cause a case to arise under federal law: "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[5] UCCRG asserts both.

---

[2] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[3] *Kokkonen*, 511 U.S. at 377 (citations omitted).

[4] 28 U.S.C. §§ 1331–32.

[5] *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012)

A defendant may remove "any civil action brought in a State court" if the action could have originally been brought in a federal court.[6] "A proper filing of a notice of removal immediately strips the state court of its jurisdiction."[7] The notice must contain a short and plain statement of the grounds for removal, including the basis for the federal court's jurisdiction.[8] "Removal statutes are to be strictly construed," and courts must resolve any doubts as to whether the Court has jurisdiction in favor of remand.[9] In federal-question cases, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."[10] Neither may a defendant remove a case "on the basis of a federal defense, including the defense of preemption, even if" the plaintiff's complaint anticipates the defense.[11]

---

[6] 28 U.S.C. § 1441(a).

[7] *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1446(d)).

[8] 28 U.S.C. § 1446(a).

[9] *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (citation and internal quotation marks omitted)).

[10] *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (emphasis in original) (footnote omitted). *See also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908) (holding that subject-matter jurisdiction must exist in the plaintiff's original cause of action, regardless of the likelihood that a federal question will arise during litigation).

[11] *Franchise Tax Bd.*, 463 U.S. at 14.

*Analysis*

**I.      The Commissioner cannot waive subject matter jurisdiction, and the First-Filed Action has no bearing on subject matter jurisdiction.**

As a preliminary matter, UCRRG raises two arguments in response in addition to its argument that the Court enjoys subject matter jurisdiction. First, it argues that because the Commissioner sought injunctive relief from the Court, he has waived his right to remand.[12] In support, UCCRG relies solely on *Akin v. Ashland Chemical Co.*[13] In *Akin*, the plaintiffs amended their complaint after the case was removed to federal court to add a federal question, and the Tenth Circuit held that they could not "voluntarily invoke, and then disavow federal jurisdiction."[14] Unlike *Akin,* this case does not involve the Commissioner voluntary injecting a federal question into the case after it was removed. Rather, it merely involves the Commissioner asking the Court to extend the state court's TRO that was issued pursuant to state law. *Akin,* did not implicate the bedrock principle that, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."[15] But construing the Commissioner's request to extend the TRO as conferring subject matter jurisdiction upon this Court would do just that.

Second, it contends that the Court should deny the Motion because the Court's jurisdiction over the assets at issue here implicates the First-Filed Action Rule. Federal

---

[12] Def.'s Resp. (Dkt. 20) (citing Pl.'s Emergency Mot. to Extend TRO (Dkt. 11)).

[13] 156 F.3d 1030 (10th Cir. 1998).

[14] *Id.* at 1037.

[15] *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114 (10th Cir. 2013) (internal quotation marks omitted) (quoting *Arbaugh. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

courts generally may not enjoin state court proceedings absent certain exceptions.[16] One such exception occurs when "both the federal and state suits constitute in rem or quasi in rem proceedings and the federal court was the first to take possession of the res."[17] This exception, UCRRG argues, is grounds for the Court to deny the Motion to Remand. The Court's ability or inability to enjoin state court proceedings may have some effect on the relief sought by UCCRG in its federal case, but it has no bearing on whether the has federal-question jurisdiction over this removed state court action.

## II.    The Application only raises a state-law question.

### A.    The Application raises no federal question of law.

UCRRG asserts that the Commissioner's "claims present federal questions concerning the LRRA and the relief requested by Plaintiff is made pursuant to federal authority under the LRRA[.]"[18] The Commissioner maintains that the face of its Application "reveals that it is a state-law claim for receivership brought under" Oklahoma law.[19]

### i.    *Mere reference to federal law does not give rise to a federal question.*

Generally, creation of a state cause of action via federal statute does not suffice to create federal question jurisdiction.[20] Rather,

---

[16] 28 U.S.C. § 2283.

[17] *Tooele Cnty. v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016).

[18] Def.'s Notice of Removal (Dkt. 1), at 4.

[19] Pl.'s Mot. (Dkt. 14), at 6.

[20] *State of Okla. ex rel. Wilson v. Blankenship*, 447 F.2d 687, 691 (10th Cir. 1971) (discussing *Gully v. First Nat. Bank*, 299 U.S. 109, 116 (1936)).

[a] case "arises" under the laws of the United States if it clearly and substantially involves a dispute or controversy respecting the validity, construction or effect of such laws which is determinative of the resulting judgment. Thus, if the action is not expressly authorized by federal law, does not require the construction of a federal statute and/or regulation and is not required by some distinctive policy of a federal statute to be determined by application of federal legal principles, it does not arise under the laws of the United States for federal question jurisdiction.[21]

Under the LRRA, only a "court of competent jurisdiction" may issue an injunction against a risk retention group on "a petition by the State insurance commissioner alleging that the group is in hazardous financial condition or is financially impaired[.]"[22] Further, "[i]f a State seeks an injunction regarding" the operation of a risk retention group that is in hazardous financial condition or is financially impaired, "such injunction must be obtained from a Federal or State court of competent jurisdiction."[23] The Application cites to these provisions as its federal authority.[24] And, as the Commissioner rightly notes, federal statutes that merely authorize state action do not create federal-question jurisdiction.[25] Thus any argument that the Commissioner's mere citations to the LRRA give rise to a federal question must fail.

---

[21] *Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 635 F.2d 797, 801 (10th Cir. 1980) (cleaned up); *see also Gully*, 299 U.S. at 112–113 (collecting cases).

[22] 15 U.S.C. § 3902(a)(1)(H).

[23] *Id.* § 3902(f)(2).

[24] The Application also cites to the LRRA's definition of "hazardous financial condition." (Dkt. 1-3), ¶¶ 3, 53–55, 67 (citing 15 U.S.C. § 3901(a)(7)).

[25] (Dkt. 14 at 6–7 (citing *Gully*, 299 U.S. at 116).

*ii.*     *The Application seeks relief under Oklahoma law.*

The remainder of the Application rests on Oklahoma law. Specifically, the Commissioner sought state court relief under Sections 1903, 1905, and 6460 of the Oklahoma Insurance Code[26] (the "Code"), which authorize him to apply for a court order "appointing the commissioner as receiver of and directing the Commissioner to rehabilitate a domestic insurer" if the domestic insurer is, *inter alia,* impaired, insolvent, or in a financially hazardous condition.[27] UCRRG contends that because it is a "captive risk retention group," Article 19 of the Code ("Article 19") does not govern it, and there is no Oklahoma state authority for putting it in receivership. But whether the Application seeks relief that is authorized under Oklahoma law is a pure question of state law that ought to be answered by a state court.

B.     <u>LRRA's preemption defense doesn't transform this state law receivership action into a federal case.</u>

Next, UCRRG asserts that the LRRA completely preempts the Commissioner's state-law claims.[28] But even if that question would need to be answered, that defense to the Commissioner's state court action does not transform the Commissioner's state court application into one raising a federal question. UCCRRG can certainly make that argument to the state court in defense of the action, and the state court can answer (1) the threshold—

---

[26] OKLA. STAT. tit. 36, §§ 1903, 6460

[27] Application (Dkt 1-3), ¶ 66.

[28] Def.'s Notice of Removal (Dkt. 1), ¶ 15.

and definitively state law—question of whether the receivership action is authorized by Oklahoma law, and (2) if so, whether federal law preempts Oklahoma's receivership laws.

### III.     The state law question does not necessarily raise a significant federal issue.

Finally, the parties dispute whether "the state law claims asserted by [the Commissioner] necessarily raise a significant federal issue, actually disputed and substantial, such that the case warrants federal question jurisdiction."[29]

Where a substantial question of federal law is an essential element of a state law claim, federal courts enjoy "substantial question" federal-question jurisdiction, also known as "*Grable*" jurisdiction.[30] To establish such jurisdiction, "a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities."[31] "The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases."[32] The "mere need to apply federal law in a state-law claim" does not suffice "to open the 'arising under' door."[33]

---

[29] Def.'s Notice of Removal (Dkt. 1), ¶ 15; Pl.'s Mot. (Dkt. 14), at 9–11.

[30] *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

[31] *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1208 (10th Cir. 2012)

[32] *Gilmore*, 694 F.3d at 1171 (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

[33] *Id.* (internal quotation marks omitted) (quoting *Grable*, 545 U.S. at 313).

As previously set forth, the Application raises a state-law question. "Thus, the 'law that creates the cause of action is state law,' and 'original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state law claims, or that one or the other claim is 'really' one of federal law.'"[34]

UCRRG asserts that the issue in this action is whether UCRRG can be placed in receivership based on its purported violation of the Administrative Orders that it argues infringe on the LRRA. Thus, it argues, "this is squarely *Grable* jurisdiction[.]"[35] But this action does not require a determination of whether the Administrative Orders violate the LRRA as the First-Filed Action does. Instead, it only requires determination of whether is impaired or insolvent or is in a condition such that the continued operation would be hazardous to the policyholders, the creditors of the insurer, or the general public.[36]

UCRRG also raises various provisions of the Code which defer to the LRRA for interpretation.[37] But the face of the Application does not suggest that any federal issue is actually disputed. Even if it did, UCRRG has not shown that such disputes are substantial.

---

[34] *Earth Rsch. Labs, LLC v. Oklahoma ex rel. Grubb*, No. CIV-23-520-SLP, 2023 WL 6276667, at *3 (W.D. Okla. Sept. 26, 2023) (quoting *Franchise Tax Bd.*, 463 U.S. at 13).

[35] Def.'s Resp. (Dkt. 20)

[36] *See* Application (Dkt. 1-3), at 13 (citing OKLA. STAT. tit. 36, § 1905).

[37] (Dkt. 20 at 15–16 (citing Okla Stat. Tit. 36, §§ 1100.1(7) (risk retention groups are defined "under applicable federal law"), 6460 (providing that the Commissioner has powers so long as the LRRA does not preempt such powers); 15 U.S.C. § 3901(a)(4)(C) & (G) (requiring risk retention groups to maintain two licenses, one as a risk retention group, and the other as a "liability insurance company under the laws of a State").

A substantial issue is "important[t] . . . to the federal system as a whole."[38] Moreover, "*Grable* presented a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous tax sale cases."[39] In contrast, where a case involves "fact-bound and situation-specific" matters, *Grable* jurisdiction is inappropriate.

The Court finds that the issue here is fact-specific and relatively unimportant to the federal system as a whole. Thus, no substantial federal claim exists. Moreover, given that the LRRA explicitly preserves the authority of domiciliary states to regulate a risk retention group's formation and operation,[40] resolving this case in a federal forum would disturb the congressionally designated balance of federal and state judicial responsibilities.[41]

## *Conclusion*

Subject matter jurisdiction is lacking. The Application neither contains a cause of action sounding in federal law, nor does it allege any substantial, disputed question of federal law as a necessary element of its well-pleaded state-law claim. Accordingly, the Court **GRANTS** the Motion to Remand (Dkt. 14) and **DENIES** the other pending motion (Dkt. 11) as **MOOT**. The Court Clerk is hereby directed to remand this action to the District Court for Oklahoma County, Oklahoma.

---

[38] *Gunn v. Minton*, 568 U.S. 251, 260 (2013); *See also Empire Healthchoice*, 547 U.S. at 700 (*Grable*'s "resolution . . . would be controlling in numerous other cases.").

[39] *Empire Healthchoice*, 547 U.S. at 700–01 (cleaned up).

[40] *See* 15 U.S.C. § 3902(a)(1); *Restoration Risk Retention Grp.*, 880 F.3d at 343.

[41] UCRRG does not meaningfully dispute this. It instead argues that if the Court resolves certain pending motions in the First-Filed action in its favor, then issues raised in this action would be moot, thus "resolv[ing] both actions without disturbing the federal-state balance approved by Congress." (Dkt. 20 at 17).

11

**IT IS SO ORDERED** this 30th day of August 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE